U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 23 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LOUIS JAMES TOTH | : | DOCKET NO. 06-998 |
| VS. | : | JUDGE TRIMBLE |
| CALCASIEU PARISH, ET AL | : | MAGISTRATE JUDGE KAY |

### ORDER

Before the Court are three motions in limine: (1) "Defendants' Motion in Limine to Exclude Evidence of Economic Damages for Plaintiffs, Toth, Moon and Schmitz" (doc. #88), (2) "Defendants' Motion in Limine to Exclude Evidence of Medical Damages for Plaintiffs, Toth, Moon and Schmitz" (doc. #89), and (3) "Defendants' Motion in Limine to Exclude Evidence of Polygraph Examination Results for Plaintiffs, Toth, Moon and Schmitz" (doc. #93).

*Economic damages*

Defendants maintain that evidence of economic damages, specifically loss of past and future earnings of Plaintiffs, Toth, Moon and Schmitz, should be excluded because of the lack of evidence. Defendants complain that Plaintiffs have failed to submit expert testimony and/or reports to establish or corroborate these alleges losses. Plaintiffs listed the accounting firm as a lay witness, thus they argue that there is no unfair surprise to Defendants. Plaintiffs further argue that their testimony alone may be sufficient to prove compensatory damages for emotional distress citing *Williams v. Trader Publishing Co.*,[1] (Plaintiff's testimony alone is sufficient alone for jury to award compensatory damages for

---

[1] 218 F.3d 481 (5th Cir. 2000).

emotional distress), *Seal v. Gateway Co.,*[2] (Counsel could refer generally to Plaintiff's economic loss in opening statements and the fact of her salary, however, counsel shall refrain from either arguing in opening statements or eliciting any testimony from any witnesses, regarding any sum certain or dollar figure representing a specific amount allegedly due to the plaintiff for either back pay or loss of future earnings), and *Folse v, Fakouri,*[3] ( "much discretion" . . . "must be left to the . . . jury" in its award for loss of past earnings and future earning capacity, citing *Schexnayder v. Carpenter,*[4]).

The Court has serious reservations in accepting Plaintiffs' testimony alone regarding past and future earnings. The Court also has the same reservations regarding the lay testimony of Plaintiff's accounting firm, Shindel Rock, (as opposed to Plaintiffs' accountants) to prove the damages without an accountant being listed as an expert or without an expert report being submitted.

> Compliance with Federal Rule of Civil Procedure 26(a)(2)(A) requires disclosure of the identity of any expert witness. To eliminate unfair surprise, the drafters saw fit to require the parties also to disclose the substance of the expert opinion testimony and the basis of such opinion, inter alia. See Fed.R.Civ.P.26(a)(2)(B) (requiring a party to accompany the disclosure of an expert witness with a complete, written report prepared and signed by the witness).

Rule 26(a)(2)(B) specifically provides that:
*2 (2) Disclosure of Expert Testimony.

\* \* \*

(B) Except as otherwise stipulated or directed by the court, this disclosure [ i.e., identity of witness] shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by a witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information

---

[2] 2002 WL 1009481 (E.D. La. 2002).

[3] 371 So.2d 1120 (La. 1979).

[4] 346 So.2d 196 (La.1977); *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976).

considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study or testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Id. (emphasis added).

Rule 701 of the Federal Rules of Evidence only applies if the witness is not testifying as an expert. It provides that a non-expert witness may testify in the form of opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact issue. See Fed.R.Evid. 701. Pursuant to Rule 701, a lay witness is limited to opinions or inferences (1) based on personal perception; (2) that an ordinary average person would form from those perceptions; and (3) helpful to the jury.FN1

> FN1. See Rushing v. Kansas City So. Railway Co., 185 F.3d 496, 512 (5th Cir.1999) (quoting United States v. Riddle, 103 F.3d 423, 428 (5th Cir.1997); Doddy v. Oxy USA, Inc., 101 F.3d 448, 460 (5th Cir.1996) (a person may testify as a lay witness if his opinions or inferences do not require any specialized knowledge and could be reached by an ordinary person); and Lambeth v. Edison Chouest Offshore, L.L.C., 1999 WL 1204843 (E.D.La.1999) (Vance, J.) (lay witness lacked specialized knowledge required to assess the quality of medical care he received; lay testimony limited to topics within the witness' personal knowledge, which required neither specialized nor scientific knowledge).[5]

The Court is further concerned that Plaintiffs have not designated a medical expert to prove that they have a residual disability caused by the incident. Evidence of the plaintiff's inability to work must be presented to the court. See *Broussard v. Romero.*[6] A plaintiff must present evidence that shows his disability either prevents him from working, or reduces his income earning capacity, in order to receive

---

[5] *Seal,* 2002 WL 1009481, *2.

[6] 96-973 (La.App. 3 Cir. 2/26/97); 691 So.2d 1265, *writ denied,* 97-0670 (La.4/25/97), 692 So.2d 1092; *Aisole v. Dean,* 574 So.2d 1248 (La.1991).

3

damages for loss of future income. In order to obtain an award for future loss of wages and/or loss of earning capacity a plaintiff "must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident."[7]

Furthermore, Plaintiffs' alleged past and future earnings are based on their ownership interest in a business entity in which each of the Plaintiffs is a partner. The Court finds that because Plaintiffs have failed to designate an expert witness and failed to submit an expert report such as an economist, accountant and medical expert, and because of the complexity of the issues relating to partnership interests, the motion to exclude evidence of past and future earnings shall be granted to the extent that the Court will not allow the accounting firm to testify as to how each of the Plaintiff's partnership interests were affected by the incident and/or how each of the partners/plaintiffs may have suffered a loss, nor will the Court allow Plaintiffs' treating physicians testify as to how Plaintiffs' alleged injuries resulted in a residual disability which may have caused them to suffer past and future economic loss.

*Medical damages*

Defendants move to exclude any testimony regarding plaintiffs' medical damages, namely any expert opinion or testimony regarding the cause of any alleged medical damages, medical expenses, or future medical expenses because Plaintiffs failed to depose their treating physicians regarding these alleged damages and further failed to list the treating physicians as experts. Plaintiffs argue that their testimony alone is sufficient to prove physical and emotional damages. Plaintiffs further argue that there is no prejudice to Defendants and they listed the treating physicians as lay witnesses. Plaintiff again cites *Williams, supra* for the proposition that a plaintiff's testimony is enough. Plaintiffs also cite

---

[7] *Aisole*, 574 So.2d at 1252.

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,[8] which held that the plaintiff was not required to present expert testimony on causation in order to avoid judgment as a matter of law on plaintiff's claims for medical expenses and pain and suffering. The court held that the plaintiff presented evidence of a sequence of events from which the trier of fact could properly infer that the auto accident caused plaintiff's injury. While the jurisprudence does hold that a plaintiff's testimony alone may be sufficient to prove damages for emotional distress, some courts have held otherwise regarding proving causation,[9] and have held that expert testimony must be presented to establish a causal connection between the described medical conditions and the conduct of a defendant in order to prove up damages.[10] The Court concludes that the treating physicians will only be allowed to testify as to their personal knowledge of the facts as to each plaintiff's treatment. However, these physicians will not be permitted to testify as to causation.

*Polygraph examination results*

Defendants seek to exclude the polygraph examination results which were taken shortly after the Plaintiffs returned to their home state of Michigan because Plaintiffs failed to depose the examiner of the polygraph exam and failed to list the examiner as an expert. Instead, the examiner was listed as a lay witness. Plaintiffs cite *Ulmer v. State Farm Fire & Casualty Co.*,[11] for the proposition that an expert witness is not necessary for the Court to admit polygraph evidence. As noted by defendants,

---

[8] 361 F.3d 875 (5 th Cir. 2004).

[9] See *Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985) (under negligence theory, plaintiffs are required to prove causation).

[10] *Martin v. Revere Smelting & Refining Corp.*, 2005 WL 1201154 (N.D.Tex.); *Dixon v. Dennison Manufacturing Company*, 1989 WL 106953 (E.D.Pa.).

[11] 897 F.Supp. 299, 302-304 (W.D. La. 1995).

Plaintiffs have misread the *Ulmer* case; indeed the certified polygraphist was listed as an expert.[12] The Court is concerned with the fact that Defendants were not present when the examinations were administered, the examiner was not listed as an expert, and defendants were not privy to how the exam was being administered. Furthermore, because the examiner was not listed as an expert, he will not be able to testify regarding any of the factors in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[13] which will be needed to establish the credibility and/or reliability of the polygraph examination. The Court concludes that it would be highly prejudicial to defendants to allow Plaintiff's polygraph examiner to testify as to the results of the examination without the expert being listed as an expert and without an expert report being provided to Defendants to establish the credibility of the examination. Accordingly, it is

**ORDERED** that the motion in limine (doc. #88) is hereby **GRANTED**, the motion in limine (doc. #89) is hereby **GRANTED** to the extent that the treating physicians will not be allowed to testify as to causation, and the motion in limine (doc. #93) is hereby **GRANTED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of January, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[12] "At the outset, defendant State Farm raises two important questions concerning the reliability of the evidence at issue here. First it notes that the plaintiffs have not listed an expert other than the certified polygraphist...who administered the examinations. . ." *Ulmer*, 897 F. Supp. at 302.

[13] 509 U.S. 579, 113 S.Ct. 2786 (1993) ((1) whether the scientific, technical, or other specialized technique or theory can be and has been tested, (2) whether it has been subject to peer review and publication, (3) what the known rate of error is, and (4) the degree to which the relevant scientific, technical, or other specialized community has accepted the technique or theory).