U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 02 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LOUIS TOTH, ET AL | : | DOCKET NO. 06-998 |
| VS. | : | JUDGE TRIMBLE |
| CALCASIEU PARISH, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is "Plaintiffs' Motion for Sanctions for Concealment of Evidence" (doc.#114) wherein Plaintiffs are seeking sanctions against defendants, Harrah's Lake Charles, LLC, Harrah's Star Partnership, Players Riverboat II, LLC, and Players Riverboat Management, LLC ("Harrah's") for; (1) concealment of videotape evidence of Harrah's parking garage, parking lot, hallways and other areas in or near Harrah's Casino taken on September 23, 2005, (2) concealment and withholding computerized backup tapes of Harrah's payroll data containing employee identification information, (3) computerized personnel file materials containing information on defendant, Jason Comeaux, and (4) concealment and/or withholding the identities of all of the personnel that detained the Plaintiffs. Specifically, Plaintiffs are requesting that the Court, (1) sanction the Harrah's defendants with a default as to liability for their destruction and concealment of evidence, (2) issue an adverse evidence jury instruction regarding destruction and concealment of evidence, and (3) award Plaintiffs' costs and attorney fees for obtaining the above relief.

## FACTUAL STATEMENT

For a complete recitation of the alleged facts, see the Memorandum Ruling dated March 6,

2007.[1]

## LAW AND ANALYSIS

Spoliation of evidence is "'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'"[2] Spoliation also includes concealment of evidence.[3]

"The spoliation of evidence germane 'to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction.'"[4] "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."[5]

" 'The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future

---

[1] Doc. #32.

[2] *Byrnie v. Town of Cromwell, Bd. Of Ed.*, 243 F.3d 93, 107 (2d Cir. 2001), quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.2d 776, 779 (2d Cir. 1999).

[3] *Wood Group Pressure Control, L.P. v. B & B Oilfield Services, Inc.*, 2007 U.S. Dist. Lexis 83708 (E.D. La. 2007) *47, *Wilson v. WalMart Stores, Inc.*, 2008 Dist. Lexis 88429 (M.D. Fla.2008) *5 n.4, *Green v. Ford Motor Co.*, 2008 U.S. Dist. Lexis 96278 (S.D.Ind. 2008) *11.

[4] *Byrnie*, 243 F.3d 93, 107, citing *Kronisch v. U.S.*, 150 F.3d 112, 126 (2d Cir. 1998), *overruled on other grounds*, *Rotella v. Wood*, 528 U.S. 549, 120 S.Ct. 1075 (2000).

[5] *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), quoting & citing *Byrnie*, 243 F.3d 93, 107-112.

litigation.' N.13"[6] While not having an obligation to "preserve every shred of paper, every e-mail or electronic document, and every backup tape," a person "anticipat[ing] being a party... to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary."[7] The party has "a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request. N.23"[8] "[T]he duty to preserve extends to those employees likely to have relevant information – the 'key players.'"[9] In *Zabulake*, the court stated the following;

> [t]he scope of a party's preservation obligation can be described as follows: Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents. As a general rule, that litigation hold does not apply to *inaccessible* backup tapes (*e.g.*, those typically maintained solely for the purpose of disaster recovery), which may continue to be recycled on the schedule set forth in the company's policy. On the other hand, if backup tapes are accessible (*i.e.*, actively used for information retrieval), then such tapes *would* likely be subject to the litigation hold.
> However, it does make sense to create one exception to this general rule. If a company can identify where particular employee documents are stored on backup tapes, then the tapes storing the documents of "key players" to the existing or threatened litigation should be preserved if the information contained on those tapes is not otherwise available. This exception applies to *all* backup tapes.[10]

---

[6] *Zubulake v. UBS Warburg, L.L.C.*, 220 F.R.D. 212, 216 (S.D. N.Y. 2203), quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 426 (2d Cir. 2001).

[7] *Zubulake*, 220 F.R.D. at 217.

[8] *Id.* quoting *Turner*, 142 F.R.D. 68, 72 and *William T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443, 1445 (C.D. Cal. 1984).

[9] *Zubulake*, 220 F.R.D. at 217 (citation omitted).

[10] *Zubulake*, 220 F.R.D. at 218 (court's emphasis).

"The duty to preserve material evidence arises not only during the litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.[11] "The adverse inference to be drawn from destruction of records is predicated on bad conduct of the defendant. 'Moreover, the circumstances of the act must manifest bad faith. Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case.'"[12]

The authority to sanction litigants for spoliation arises jointly under the Federal Rules of Civil Procedure and the court's own inherent powers.[13] Possible sanctions include an adverse evidence jury instruction, excluding greater or lesser parts of the destroying party's evidence, dismissing a party's claims in whole or in part, or granting default judgment against a party in whole or in part.[14] Factors in determining the appropriate sanctions for wrongful destruction of evidence include: "1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and if the fault is serious, will serve to defer such conduct by others

---

[11] *Silvestri v. GMC*, 271 F.3d 583, 590 (4th Cir. 2001).

[12] *Vick v. Texas Employment Commission*, 514 F.3d 734, 737 (5th Cir. 1975) quoting McCormick, *Evidence* (1972), § 273, pp. 660-661 & 31A C.J.S. Evidence (1964), § 156(2). *Accord, Henning v. Union Pacific Railroad Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008), *Condrey v. Suntrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2003), *Bashir v. Amtrack*, 119 F.3d 929, 931 (11th Cir. 1997).

[13] *Zubulake*, 220 F.R.D. at 216, citing *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72 (S.D.N.Y. 1991), *Shepherd v. American Broadcasting Cos.*, 314 U.S.App. D.C. 137, 62 F.3d 1469, 1474 (1995).

[14] *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Alexander v. National Farmers Org.*, 687 F.2d 1173, 1205 (8th Cir. 1982), *cert denied*, 461 U.S. 937, 103 S.Ct. 2108 (1983).

in the future."[15]

*Destroyed videotapes and failure to provide a Harrah's representative*

Plaintiffs assert that they have met all three requirements for an adverse inference instruction. They argue that Harrah's had a duty to preserve the videotapes because Harrahs knew that a near-future criminal proceeding arising from their encounter with Plaintiffs was certain. In addition, Harrah's should have known that given their treatment of Plaintiffs, a civil suit was likely. Therefore, as to either a probable criminal or civil suit, the videotapes are relevant.

Plaintiffs submit that Harrah's policy required that Harrah's had 15 days to evaluate whether to recognize certain criminal proceedings and preserve or destroy the videotapes. Additionally, based on the written statement of Connor McLaughlin, Harrah's was aware of the Plaintiffs' probable defense. Plaintiffs further complain that Harrah's refuses to identify other persons that were present at the hotel on September 23, 2005, when the Plaintiffs' were detained and/or arrested. While Harrah's defendants, Jason Comeaux and Connor McLaughlin, declare that they were the only two people at the Harrah's establishment, the Sheriff's defendants, Officers Snyder, Snider and Ory all testified that they encountered a man with a shotgun. Officer Ory specifically testified that the man with the shotgun took the deputies to McLaughlin who was there with one or two other men. Finally, Plaintiffs complain that Harrah's has refused to make their records representative available for deposition even after repeated requests.[16]

Harrah's maintains that the videotapes do not exist. They assert that there is nothing to

---

[15] *Pascale's Manale Restaurant, Inc., v. United National Ins. Co.*, 2008 U.S. Dist. Lexis 31220 *6-7(E.D. La. 2008).

[16] Since the filing of Plaintiffs' motion, the Court has been informed that Harrah's has provided for deposition two (2) 30(b)(6) representatives.

suggest the surveillance system was turned on during the evening in question and furthermore, the barge upon which the videotapes were kept, sank. The undersigned was advised by the Chief of Police and a representative of Homeland Security from Washington D.C. that the grid was out in Lake Charles, meaning that there was a complete power failure in the Lake Charles area. The Court finds that Plaintiffs have failed to present evidence that the surveillance tapes were working on the night in question. If at the trial, there is evidence that the surveillance system was working, and that Harrah's destroyed the relevant videotapes, the Court will reconsider Plaintiffs' motion. However, based on the evidence before the Court at this time, the evidence is insufficient to prove Harrah's bad conduct regarding the destruction of this evidence.

*Computerized backup tapes, hard drive and personnel files*

Plaintiffs maintain that Harrah's had a duty to preserve the backup tapes and hard drives for the same reasons they had a duty to preserve the videotapes; they are relevant to either criminal or civil proceedings as a result of the incident. Plaintiffs again complain of the fact that Harrah's has not provided a representative for deposition to inquire about the concealment of the backup tapes and hard drives. The Harrah's defendants maintain that Plaintiffs are seeking the personnel records of Jason Comeaux and Connor McLaughlin, and confirmation of who was at the Harrah's Casino on September 23, 2005. Harrah's comments that Mr. Comeaux testified that he did not download the personnel records, and that they were maintained on a separate system in Memphis. Mr. Comeaux further testified that paper personnel records which reflected discipline and recognition information were not computerized, but were maintained only in Lake Charles, and the computer data would not show who was present on the night of the storm. Harrah's further argues that there were only two (2) Harrah's employees present on the night of the storm, and that Plaintiffs'

accusations in this regard are based on their own faulty recollections, as well as the ambiguous testimony of some of the Sheriff's Deputies who escorted Plaintiffs from the Casino to the Parish Jail. Having considered the evidence presented, the Court finds that Plaintiffs have failed to establish any bad conduct on the part of Harrah's regarding the personnel files and/or backup tapes.

## **CONCLUSION**

Based on the foregoing, the motion for sanctions will be denied at this time.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of March, 2009.

*James Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE