RECEIVED
IN ALEXANDRIA, LA.
FEB - 9 2010
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LOUIS JAMES TOTH, ET AL** | : | **DOCKET NO. 06-0998** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CALCASIEU PARISH, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment by the Harrah's Defendants" (doc. #163) wherein the defendants, Harrah's Lake Charles, L.L.C., Harrah's Star Partnership, Players Riverboat II, LLC, Players Riverboat Management, LLC and Jason Comeaux, (collectively referred to as "Harrah's") seek dismissal of the claims made against them pursuant to Rule 56 of the Federal Rules of Civil Procedure. Both Plaintiffs and the Government Defendants[1] oppose the motion on similar grounds.

## FACTUAL STATEMENT

For a complete recitation of the relevant facts, see the Memorandum Rulings dated March 6, 2007,[2] and May 6, 2009.[3]

## LAW AND ANALYSIS

---

[1] The Government Defendants include Sheriff Tony Mancuso, Lieutenant David T. Snider, Sergeant Donald Snyder, Sergeant Todd Ory, Sergeant Gene Pittman and Connor McLaughlin.

[2] Doc. #32.

[3] Doc. #152.

In their motion, Harrah's maintains that this Court should grant their motion "because of admissions plaintiffs made that were not before the Court when it considered Harrah's earlier motion."[4] Harrah's suggests that in opposing an earlier motion for summary judgment, Plaintiffs did not file a Statement of Contested Material Facts as is required by Local Rule 56. Instead, on the day before the Court issued its Ruling, Plaintiffs filed their "Statement of Material Facts in Support of Plaintiffs' Response to Harrah's Defendants' Motion for Summary Judgment." Thus, Harrah's contends that Plaintiffs failed to file "contested facts" as contemplated by the Local Rules.

Plaintiffs submit that Harrah's pending motion simply seeks to re-argue the same issues in which this Court has already ruled on in the Memorandum Ruling of May 6, 2009. Plaintiffs argue that there are no "judicial admissions" nor anything else in the record before this Court which would justify reconsideration or a decision that is different from this Court's prior ruling. Plaintiffs assert that the "Statement of Material Facts in Support of Plaintiffs' Response to Harrah's Defendants' Motion for Summary Judgment" did not assert that these were uncontested facts, but rather, were statements of material facts as to which there exists a genuine issue for trial. Plaintiffs argue that there is no basis for which Harrah's can contend that this pleading sets forth judicial admissions that withdraw the facts from contention.

Plaintiffs refer the Court to *Martinez v. Bally's La., Inc.*,[5] wherein that court stated that:

> [a] judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention. A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the

---

[4] Harrah's memo., p. 1.

[5] 244 F.3d 474, 476 (5th Cir. 2001).

2

opponent from proof of fact.

Plaintiffs then submit that there is no basis for Harrah's to assert that Plaintiffs admitted key facts they had previously disputed. Plaintiffs further remark that they disputed Harrah's assertions of fact on which Harrah's last motion for summary judgment was premised. Plaintiffs point out that this Court determined based on the summary judgment evidence submitted by the parties, that there was a genuine issue of fact for trial as to whether Conner McLaughlin was working for Harrah's or for the Sheriff's department on the night the incident that is the subject of this lawsuit took place. The Court further concluded that there were genuine issues of material fact with respect to Plaintiffs' claims for false arrest/imprisonment, assault and battery, intentional infliction of emotional distress, gross negligence, negligence and loss of consortium.

The Court agrees that Harrah's is attempting to have this Court reconsider its prior ruling on the evidence submitted by the parties and considered by the Court when we issued the Memorandum Ruling of May 6, 2009. Harrah's has presented this Court with no new evidence for this Court to consider, and even if they did, it would be untimely.[6]

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of February, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Rule 59(e) of the Federal Rules of Civil Procedure require that a motion to alter or amend a judgment be filed no later than 10 days after the entry of the judgment.