UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TOTH, ET AL. | : | DOCKET NO. 06-0998 |
| VS. | : | JUDGE TRIMBLE |
| CALCASIEU PARISH, ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Shortly after withdrawing as plaintiff's counsel, Norman Yatooma & Associates, P.C. (NYA) caused to be filed in the record a document entitled "Notice of Claim of Lien." Doc. 165. In response to an order of this Court, NYA filed a memorandum [doc. 193] explaining "what authority exist[ed] under federal law that supports the filing of this 'lien' and/or federal statutory authority that would allow [NYA] to create any sort of impediment to further disposition of this matter, whether disposition be by settlement, order, judgment, or otherwise . . . ." Doc. 189. Plaintiffs did not oppose NYA's filing or dispute the representations made in NYA's memorandum.[1]

On May 1, 2011, we issued a memorandum ruling on NYA's filing, finding that NYA had exhibited a "binding, enforceable, and valid lien on the settlement proceeds" in the above

---

[1] As noted in our last memorandum order on the "claim of lien" filing:
> [P]laintiffs themselves are unrepresented on this issue and have not participated to allow the court the benefit of their position on why NYA withdrew and whether the withdrawal was warranted. Accordingly we are only left to assume that the representations made by NYA were accurate, their withdrawal was warranted, and that therefore they are entitled to assert their lien.

Doc. 218, p. 9.

captioned case. Doc. 218. We declined, however, to exercise supplemental jurisdiction over resolution of any lingering disputes between the parties. *Id.*

On May 16, 2011, plaintiffs filed the motion for reconsideration of our previous order. Doc. 221. That motion is now before the court.

## Law and Analysis

A motion to alter or amend, or for reconsideration, may be made under either FED. R. CIV. PROC. 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). If a motion for reconsideration is filed within twenty-eight days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n. 1. Here, plaintiffs' motion was filed within twenty-eight days of the judgment of which they complain. Therefore, we will consider it solely as a Rule 59(e) motion. A district court has broad discretion in deciding a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. CIV. § 2810.1 (2d ed. 2011).

Rule 59(a)(2) states that "the court may . . . open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. PROC. 59(a)(2). Courts have interpreted this to mean that a rule 59(e) motion "can only succeed if the movant establishes (1) manifest error; (2) newly discovered evidence that can be used to raise arguments that could not have been raised

before the judgment or order was issued; or (3) a change in the pertinent law." *Salomon v. Wells Fargo Bank, N.A.*, No. 10-0106, 2010 WL 2900783 (W.D. Tex. July 22, 2010) (citing *Broyles v. Texas*, 643 F.Supp.2d 894, 897-98 (S.D. Tex. 2009)). "Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose." *Jacobs v. Electronic Data Systems Corp.*, 240 F.R.D. 595, 599 (M.D. Ala. 2007).

In their motion for reconsideration, plaintiffs do not allege the existence of newly discovered evidence or a change in the pertinent law. Instead, plaintiffs submit that counsel "attempted to file their objections to the Claim of Lien through this Court's ECF system, but was experiencing difficulties logging into the system." Doc. 221, p. 20-21. NYA's Claim of Lien was filed on November 19, 2009. Doc. 165. We finally resolved the matter on May 1, 2011. Doc. 218. Plaintiffs had ample time to resolve their procedural problems and to file their objections. In short, plaintiffs *could* have raised their arguments before the judgment or order was issued, but they chose not to. Thus, we must turn our attention to the remaining question of manifest error.

Plaintiffs argue that NYA lost its right to fees because it wrongfully withdrew and "'engaged in disciplinable misconduct prejudicial to [its] client's case [and] conduct contrary to public policy that would disqualify any *quantum meruit* award.'" Doc. 221, p. 17 (quoting *Reynolds v. Polen*, 564 N.W.2d 467, 470 (Mich. App. 1997)). In our May 1, 2011, memorandum ruling, we relied upon NYA's representation that "'NYA moved to withdraw, because Plaintiffs had failed to fulfill their Engagement Agreement obligations to pay costs when incurred and billed.'" Doc. 218, p. 9 (quoting Doc. 194, p. 16). While we recognized that NYA's representation of plaintiffs may have been sub-par, we did not find – based solely upon the record presented to us at the time – that NYA's representation rose to the level of "disciplinable

misconduct." Plaintiffs, having not participated in briefing on the subject, did not represent otherwise. *See id.*

In our memorandum ruling we did, however, make clear that NYA's recovery may be *substantially reduced* by looking to the following factors: "'(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.'" *Id.* (quoting *Crawley v. Schick*, 211 N.W.2d 217, 222 (1973)). Further, plaintiff's argument that compensation under the *quantum meruit* standard covers only those services, if any, which produced "definite valuable results," is well-advised. *See Idalski v. Crouse Cartage Co.*, 229 F.Supp.2d 730, 742 (E.D. Mich. 2002) (quoting *Reynolds*, 564 N.W.2d at 470). In other words, relevant case law indicates that NYA's fees should be reduced by the amounts that are attributable to "definite valuable results," and then reduced again by looking to the *Crawley* factors.

But that is not for this court to decide, as our hands are now clean of the matter.

## Conclusion

It is again strongly advised that the parties herein avail themselves of settlement, arbitration, mediation, or otherwise resolve the matter of the alleged lien and the distribution of the settlement funds.

In light of the forgoing, plaintiff's motion for reconsideration [doc. 221] is **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 22, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE